EXHIBIT D

Valli Kane & Vagnini LLP
600 Old Country Road, Suite 519
Garden City, New York 11530

Telephone: 516-203-7180

Facsimile: 516-706-0248

rvalli@vkvlawyers.com
skane@vkvlawyers.com
jvagnini@vkvlawyers.com

## RETAINER AGREEMENT

__________________________________, ("Client"), and the law firm of VALLI KANE & VAGNINI LLP ("Firm"), a firm duly licensed to practice law in the State of New York, enter into this Retainer Agreement ("Agreement") and hereby agree to the following terms:

1. **Purpose**. This Agreement is for the purpose of the Firm representing the Client with respect to the issues surrounding his/her former employer ("Employer"), by providing the legal services that the Firm believes are appropriate to pursue Client's claims in accordance with prevailing legal and ethical standards. Specifically, the Firm will attempt to negotiate a resolution of Client's claims and if appropriate represent Client in pursuing claims against Employer, including but not limited to filing a lawsuit on Client's behalf in either Federal or State Court. As the parties have discussed, this agreement does not encompass, nor does it engage the Firm to represent the Client in any matter not described above, including but not limited to an appeal.

2. **Attorneys' Fees**. The Firm and Co-Counsel will be paid for its attorneys' fees only if a settlement, judgment, or other recovery is obtained from the Company. If there is a recovery from the Company, the Firm may choose between two forms of compensation for its legal services:

   (a) The Firm and Co-Counsel will be entitled to up to forty percent (40%) of any "gross recovery" for the Client and any Class ("contingency fee"). "Gross recovery" means the total of all amounts received from the Company prior to reimbursement of expenses.

   OR

   (b) The Firm and Co-Counsel will be entitled to reasonable attorneys' fees awarded by a Court or paid in settlement. Reasonable attorneys' fees may be calculated by the number of hours worked multiplied by a reasonable hourly rate, plus any applicable fee enhancements, or as a percentage of the gross recovery. The Firm and Co-Counsel's current hourly rates are available upon request and may change from time to time.

Client agrees that the Firm may work with other firms ("Co-Counsel") on this case. The Firm and Co-Counsel will enter into a fee-sharing agreement with respect to attorneys' fees. Any fee-sharing agreement will not affect the contingency fee to be charged to the Client if there is a

Client Initials

recovery from the Company, but if attorneys' fees are calculated by a reasonable hourly rate under section (b) above, then the Firm and all Co-Counsel will be entitled to the number of hours worked multiplied by their hourly rates. Client further understands and acknowledges that any settlement or award is a taxable event and Client is urged to seek financial accounting advice should (s)he receive a settlement or award.

3. **Expenses**. The Firm and Co-Counsel shall advance the expenses relating to this matter. In the event of a settlement or award, the Client understands and agrees that the Firm and Co-Counsel shall be reimbursed out of any recovery for all costs advanced, before any distribution of attorneys' fees or any distribution to the Client. Costs may include, but are not limited to, filing fees, court costs, costs of service by special process, court reporters, videographers, and related deposition or transcript expenses, copying and printing costs, long distance phone calls, computerized legal research, document reproduction, coding and organization services, administrative processing fees, delivery charges, graphic design, travel expenses, consultant's fees, mediation fees and investigative and expert witness services. The Firms also agree to seek the payment of costs and expenses from the Employer either through negotiation or through a formal motion for costs and expenses in the event Client is the prevailing party.

4. **Application for Fees**. The Firm agrees if legally appropriate, to move the court for an award of counsel fees on Client's behalf. There is no certainty that any such recovery will actually occur, as the application rests in the discretion of the court. Moreover, an application for fees shall not relieve Client of liability for fees and expenses.

5. **Limited Scope of Representation**. This Agreement does not apply to any claim filed by Client, unless such claim was initiated by the Firm. However, at the discretion of the Firm, the Firm may appear in said matters or provide counsel. Additionally, the Firm is not obligated to represent Client to handle any appeals. However, to the extent the Firm performs any such work, payment will be due and owing in accordance with the terms of this Agreement. However, the Firm cannot recover fees in New York State unemployment insurance proceedings and the Firm is not obligated to represent the Client in such proceedings, if they exist.

6. **Value of the Claims**. The Firm makes no representation as to the value of the claims or the chances of success in the representation. Legal actions are subject to many variables such as the demeanor and recollection of witnesses, the availability of substantiating documents and other evidence all of which may affect the outcome of a matter. Accordingly, the Firm cannot guarantee any results. Client's signature below constitutes an acknowledgment that the Firm has made no warrants or guarantees, expressed or implied, as to the outcome or the amounts recoverable in the matter.

7. **Settlement**. The Firm shall settle claims only with the Client's consent. However, if Client gives the Firm written or oral consent to settle a matter and the Firm settles the matter, the Client may be bound by that agreement even before Client signs a formal written settlement agreement. In the event Client later decides to challenge the validity of such a settlement or otherwise fails to abide by such agreement, the Firm is under no obligation to represent Client in such endeavor and Firm may choose to withdraw from the representation. This constitutes a withdrawal for good

Client Initials

cause.

8. **Power-of-Attorney to Negotiate Instruments**. The Firm, as attorney-in-fact, shall have the power-of-attorney to execute any and all instruments on behalf of Client. Additionally, the Firm is authorized to negotiate any checks or other instruments that are payable to the Client and/or the Firm. The Firm will promptly notify Client of receipt of such instruments and the Firm will keep accurate records thereof. The Firm may deduct from such funds any outstanding fees or expenses.

9. **Withdrawal by the Firm**. The Firm may withdraw as counsel for good cause. Good cause includes, but is not limited to: (1) the Client's failure to act in good faith; (2) the Client's failure to cooperate; (3) the Client's failure to actively participate in the furtherance of the claims; (4) Client's breach of any paragraph of this Agreement, including, but not limited to Client's payment obligations; (5) Client's refusal to follow the Firm's reasonable advice on a material matter; (6) the identification of any fact or circumstance that would render the Firm's continuing representation unlawful or unethical; (7) Client's failure to provide the Firm with any documents or evidence in Client's possession relating to the case (8) Client's unreasonable failure to concur with attorneys' judgment or recommendation regarding the value of the case or with the Firm's management of the case; (9) the determination that Client has signed a waiver or release against an opposing party, that his/her claims are time-barred, or that he/she has not alleged a meritorious action; or (10) adverse new developments such as new law or adverse facts. In the event that the Firm withdraws from its representation of the Client, the Firm will notify the Client of same in writing. In the event the Firm withdraws from its representation, the Firm will comply with Section 1.16(e) of the New York Rules of Professional Conduct, which states that:

> *[A] lawyer shall take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client, including giving reasonable notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, promptly refunding any part of a fee paid in advance that has not been earned and complying with applicable laws and rules.*

If the Firm's representation is terminated for good cause, the Firm's payment will be calculated as described in paragraph 11 below.

10. **Client's Right to Discharge Firm**. Client shall have the right to discharge the Firm at any time upon written notification. In the event of a good cause withdrawal or a discharge, the Firm is entitled to immediate payment of any amounts due and owing. Additionally, the Firm may maintain a lien on Client's claim(s) including any cause of action or lawsuit filed thereon or any recovery, whether by settlement, judgment, compromise or otherwise in any action that Client has filed. The amount of the lien will include the greater of (a) the firms quantum meruit based upon the hours put into the case. For your information, currently, the Firms Hourly rates are <u>$500.00-$600.00/hour</u> for work performed by the Firm's partners, <u>$400.00-$500.00/hour</u> for Senior Associates, <u>$300.00-400.00/</u>hour for Junior Associates and $<u>150.00-$250.00/hour</u> for interns, paralegals or other employees (these rates do increase on an annual basis) or (b) any amounts due

Client Initials

and owing which remain unpaid and/or (c) the Firm's Contingency Fee (as calculated pursuant to paragraph 2 above) of the last highest settlement proposal (whether offered formally or discussed informally and whether expressed to Client through the Firm, directly to Client, or through other source).

11. **No Existing Liens**. The Client represents that no other attorney has been given an interest in this matter, or is owed any fee for services provided to the Client in connection with this matter, nor are there any other liens or encumbrances on these issues. In the event such liens or encumbrances exist, the Firm retains the right to withdraw as counsel, and the Client shall be solely responsible for payment of any and all liens or encumbrances, and shall indemnify and hold harmless the Firm from any such claims.

12. **Client Retains the Firm, Not One Specific Attorney**. The Client understands that he/she is retaining the Firm and not one specific attorney. The Firm reserves the right to assign and delegate all aspects of the representation to employees of the Firm as the Firm, in its sole discretion, deems appropriate. Any of the Firm's attorneys and/or paraprofessionals may perform the work, labor and services in the representation of Client. However, the Firm warrants that the work will be performed by persons capable of performing such work.

13. **Conflict of Interest.** The Firm is not aware of any potential or actual conflicts of interest. The Firm will notify the Client of any possible conflicts of interest that may arise. Nothing herein shall be deemed to authorize or permit the Firm to disclose to any other clients or to any other person, or to use in a manner or basis averse to Client's interests, any confidential information concerning the Client obtained by the Firm in the course of our representation of the Client.

14. **Client's Duty to Mitigate Damages**. The Firm has advised Client that in order to recover for financial losses, the Client has a duty to mitigate damages. This means that the Client must make reasonable efforts to minimize the amount of damages that he/she sustains. For example, in a wrongful termination claim, this typically means that a Client has a duty to use reasonable diligence to find reasonably comparable employment after the termination. In the event Client has not mitigated his/her damages, he/she may be precluded from recovering lost pay. Accordingly, the Firm strongly recommends that Client keep records to evidence his/her job search, including resumes, fax cover sheets, cover letters, rejection letters and a detailed log documenting all job search efforts. Additionally, the opposing party will be able to obtain these documents; accordingly, any inaccuracies or omissions may damage Client's credibility. If your charge is not a termination claim, please discuss your duty to mitigate with the Firm's lawyers.

15. **Timeliness of Claim / Statute of Limitations**. The Client understands that no claim can be brought on his/her behalf, unless it is a timely claim under the applicable statute of limitations. The "statute of limitations" is a time period designated by federal, state and/or local law that requires a claim to be filed with an administrative agency and/or court within a certain period of time. The statute of limitations time period varies depending upon the jurisdiction and the type of claim that the Client alleges. In filing an action on the Client's behalf, the Firm will take reasonable steps to preserve his/her Statute of Limitations, presuming the claims are timely as of the date this Agreement is executed. However, the Firm cannot be expected to fully understand all of client's claims on the date this Agreement is signed. Thus, Client will not hold the Firm

Client Initials

responsible if a statute of limitations expires shortly after the retention of the Firm. The Firm must be given a reasonable amount of time to fully assess the matter prior to being capable of assuring the preservation of all claims. The Firm will use reasonable efforts in this regard.

16. **Statement of Client Rights**. The New York Rules of Courts provides that you are entitled to: (1) be treated with courtesy and consideration, at all times by your lawyer and the other lawyers and personnel in your lawyer's office; (2) an attorney capable of handling your legal matter competently and diligently, in accordance with the highest standards of the profession. If you are not satisfied with how your matter is being handled, you have the right to withdraw from the attorney-client relationship at any time (court approval may be required in some matters and your attorney may have a claim against you for the value of services rendered to you up to the point of discharge); (3) your lawyer's independent professional judgment and undivided loyalty uncompromised by conflicts of interest; (4) be charged a reasonable fee and to have your lawyer explain at the outset how the fee will be computed and the manner and frequency of billing. You are entitled to request and receive a written itemized bill from your attorney at reasonable intervals. You may refuse to enter into any fee arrangement that you find unsatisfactory. In the event of a fee dispute, you may have the right to seek arbitration; your attorney will provide you with the necessary information regarding arbitration in the event of a fee dispute, or upon your request; (5) have your questions and concerns addressed in a prompt manner and to have your telephone calls returned promptly; (6) be kept informed as to the status of your matter and to request and receive copies of papers. You are entitled to sufficient information to allow you to participate meaningfully in the development of your matter; (7) have your legitimate objectives respected by your attorney; including whether or not to settle your matter (court approval of a settlement is required in some matters); (8) privacy in your dealings with your lawyer and to have your secrets and confidences preserved to the extent permitted by law; (9) have your attorney conduct himself or herself ethically in accordance with the Code of Professional Responsibility; and, (10) you cannot be refused representation on the basis of race, creed, color, religion, sex, sexual orientation, age, national origin or disability.

17. **Additional Client Duties and Responsibilities**. Among other duties and responsibilities set forth herein, Client is obligated to (1) treat the lawyers and staff with courtesy and consideration; (2) be completely honest with the Firm and apprise the Firm of all facts or circumstances regarding the matter which is the subject of the representation, even if the facts may be unflattering to the Client or detrimental to Client's cause; (3) understand that the Firm has other commitments equally demanding of the Firm's time and attention, yet expect that your communications will be answered within a reasonable time frame; (4) respond promptly to the Firm's requests for information and cooperation; (5) promptly keep the Firm advised of a change in your street address, e-mail address(es), telephone number(s), employment status, and other events that may relate to the representation; (6) cooperate in all aspects of the case and will comply with all of the Firm's reasonable requests; (7) appear on time for depositions, court appearances, and office appointments; (8) provide the Firm with all documents and information relevant to the matter; and, (9) abide by all terms of this Agreement, including, but not limited to, Client's payment obligations. Client understands and is aware that (s)he has an ongoing obligation to maintain any and all documents or evidence that may be relevant to the case. These will include, but are not limited to documents which refers to traditional paper or other tangible materials, as well as files and documents that are stored electronically ("ESI"), including, but not

Client Initials

limited to: email, surveillance and/or security video or still images, electronic documents such as Microsoft Word documents, spreadsheets, images, PDFs, databases, calendar entries, text or SMS messages, contents of personal digital assistant devices (PDAs),external hard drives, "thumb" drives, CDs, DVDs, or any other media (whether fixed or transportable) on which relevant electronic information may be stored. Client must provide such materials to our office as soon as practicable and on an ongoing basis, should any additional documents be located during the pendency of the representation. A failure to comply with this section may be considered a breach of the attorney client relationship and be cause for the Firm withdrawing as counsel. Additionally, Client has an ongoing obligation to immediately inform the Firm if Client has filed or files for bankruptcy. Should that be or become the case, Client must immediately provide the Firm with Client's bankruptcy attorney's contact information as well as the Trustee appointed. Client understands that Client may have a duty to inform their bankruptcy attorney and/or trustee of this potential claim and should therefore contact the Firm immediately to discuss how to proceed.

18. **Maintaining Documents.** Client understands and is aware that (s)he has an ongoing obligation to maintain any and all documents or evidence that may be relevant to the case. These will include, but are not limited to documents which refers to traditional paper or other tangible materials, as well as files and documents that are stored electronically ("ESI"), including, but not limited to: email, surveillance and/or security video or still images, electronic documents such as Microsoft Word documents, spreadsheets, images, PDFs, databases, calendar entries, text or SMS messages, contents of personal digital assistant devices (PDAs),external hard drives, "thumb" drives, CDs, DVDs, or any other media (whether fixed or transportable) on which relevant electronic information may be stored. Client must provide such materials to our office as soon as practicable and on an ongoing basis, should any additional documents be located during the pendency of the representation. A failure to comply with this section may be considered a breach of the attorney client relationship and be cause for the Firm withdrawing as counsel.

19. **Communication.** Client agrees not to communicate about this case to anyone other than the Firm and Co-Counsel. This means that client will not communicate about this case to the Company, the Company's attorneys, the media, any court, or any other third party so long as he is represented by the Firm, unless directed to do so by the Firm or Co-Counsel. Publicity often is an inevitable, appropriate, and effective part of litigation, and the Client authorizes the Firm and Co-Counsel to publicize, in their discretion, information about any settlement or lawsuit.

20. **Bankruptcy.** Client has an ongoing obligation to immediately inform the Firm if Client has filed or files for bankruptcy. Should that be or become the case, Client must immediately provide the Firm with Client's bankruptcy attorney's contact information as well as the Trustee appointed. Client understands that Client has a duty to inform their bankruptcy attorney and/or trustee of this potential claim or pending action and any failure to do so could inherently harm their claim or the action, if one has been filed.

21. **Disclosure of Client's Personal Information**. Client acknowledges that during the course of the representation, the disclosure of certain personal / private information may be required. The Client hereby authorizes the Firm to obtain and/or disclose all such information, including medical records and reports, tax records, prior employment records, and any other such records as

Client Initials

the Firm deems reasonably necessary to disclose or review. Additionally, the Client hereby gives the Firm power-of-attorney to execute authorizations permitting the release of all Client's medical, tax and/or employment records to the Firm and/or to the opposing counsel. Client understands that this information may be released to and viewed by the Firm employees, as well as the opposing party(s) and its lawyers.

22. **Client's File**. Client's file will be maintained in a reasonably secure manner. The file includes all documents obtained during the course of the representation, as well as original documents furnished by Client. The Firm shall retain the file during the pendency of the representation. At the conclusion of the representation, Client can make arrangements to retrieve the file and/or a copy thereof and the Firm will make the file readily available for retrieval. If at the conclusion of the representation, Client fails to take possession of the file or provide the Firm with instructions regarding its disposition, the Firm reserves the right to destroy the file two years after the conclusion of the representation. The Firm strongly recommends that Client retain a copy of any settlement agreement which may be signed or other contracts Client may have signed.

23. **Governing Law**. This Agreement shall be governed and construed in accordance with the laws of the State of New York.

24. **Authority to Execute**. This Agreement may be executed in counterparts, and/or by facsimile or electronic copy, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. However, only a partner of the Firm is authorized to execute this Agreement and thereby bind the Firm.

25. **Mediation of Dispute.** In the event of any dispute between the Firms and the Client with respect to the interpretation, application or enforcement of this Agreement or any provision of this Agreement, the Client and the Firms shall first attempt in good faith to resolve the matter through confidential negotiation. If the matter is not resolved through confidential negotiation, the Client and the Firm agree that they will enter into confidential mediation. They will jointly select and retain a mediator to assist them in attempting to resolve the matter. The Client and the Firm agree that they will use arbitration or litigation to resolve any such dispute only as a last resort. The ONLY exception to the Client's obligation to mediate prior to pursuing arbitration or litigation is that he/she retains the right to pursue fee disputes pursuant to Part 137 of the Rules of the Chief Administrator of the Courts of New York ("Part 137"). Upon the Client's request, a copy of said rules will be provided to the Client; they are also available online at www.courts.state.ny.us/admin/feedispute/part137.shtml.Additionally,Client understands and agrees that any Dispute not resolved through mediation may be resolved by a lawsuit, but such lawsuit shall be tried without a jury. Each of the parties to this Agreement, hereby waives, to the fullest extent permitted by law, the right to trial by jury in any lawsuit relating directly or indirectly to a Dispute. The parties expressly agree that any such lawsuit shall be tried before a judge and not a jury.

26. **Confidentiality of Dispute Between Client and Firm**. To the extent that any dispute arises between the Firm and Client, the Firm and Client agree not to disclose or cause to be disclosed, either directly or indirectly, to any person or organization (except to his/her legal and financial advisor(s), or as required by law, or governmental regulatory authority) any information

Client Initials

regarding the nature, facts or circumstances underlying the dispute.

27. **Client Fully Understands This Agreement**. The Client acknowledges that he/she has read and fully understands all of the terms and conditions of this Agreement, including, but not limited to, all payment terms and the arbitration provisions, and is signing this Agreement knowingly, voluntarily and of his/her own free will. The Client has had the opportunity to review this document with counsel of his/her own choosing prior to such execution and the Firm has recommended that Client do so. The Client further acknowledges that he/she is entitled to receive a copy of this Agreement upon execution of same.

28. **Severability**. If any provision of this Agreement is held to be invalid, unethical, or unenforceable, the remaining provisions shall remain in full force and effect.

29. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior verbal or written agreements or understandings. This Agreement, including this paragraph, cannot be changed except in a writing signed by all parties hereto.

Dated: 7-7-14
Garden City, New York

VALLI KANE & VAGNINI LLP

Client Name (Print)

Client Signature

Street Address

Home Phone

City / State / Zip Code

Work Phone

Primary E-mail Address

Cell Phone

Social Security Number

Date of Birth

Client Initials

Valli Kane& Vagnini LLP
600 Old Country Road
Suite519
Garden City, New York11530
Telephone: 516-203-7180 Facsimile: 516-706-0248
rvalli@vkvlawyers.com
skane@vkvlawyers.com
jvagnini@vkvlawyers.com

## RETAINER AGREEMENT

[redacted] ("Client") and the Law Firm of Valli Kane& Vagnini LLP, (hereinafter "the Firm"), a firm duly licensed to practice law in the State of New York, enter into this Retainer Agreement ("Agreement") and hereby agree to the following terms:

1. Purpose. This Agreement is for the purpose of the Firm representing the Client with respect to resolving his wage and hour claims against Client's former employer [redacted] ("Employer") by attempting to negotiate a settlement of his/her claims. This retainer agreement is not for filing claims with any administrative body nor is it for litigation or an appeal. Client understands and has been put on notice that the Firm has been contacted by or may represent additional employees against the same Employer for the same or similar claims.

2. Attorney's Fees. In the event of a settlement or award, the Firm will be entitled to the greater of forty percent (40%) of the gross amount recovered on behalf of the client ("Contingency Fee") or that which the Firm is able obtain by seeking Fees from the Defendants either through negotiation or an award from the Court. To the extent that non-monetary relief is part of a settlement or award, the value of such relief will be accounted for in calculating the Contingency Fee; the Firm and Client will agree to the value of such relief or a value will be assessed in arbitration.

   Client understands and is on notice that the Firm may have entered, or at some point may choose to enter into a fee-sharing agreement with another Firm, or other counsel with respect to Client's case. This fee-sharing agreement would not affect Client's portion of any recovery, but would come directly out of the Firm's contingent fee.

   Client further understands and acknowledges that in the event of a settlement or award, any funds Client receives are considered a taxable event and Client should seek advice from an accountant on the proper method of disclosing said settlement or award.

3. Expenses. While it is not anticipated that Client will incur costs under this retainer agreement, Client understands that the Firm may not ethically bear costs and expenses, as Section 1.8(e) of the New York Rules of Professional Conduct states that a Client must remain "ultimately responsible" for the costs and expenses of her case. Thus, should Client incur any expenses, Client shall pay them as they are incurred and/or billed to her. If at the conclusion of the representation, there remain unpaid expenses; Client will pay those expenses immediately. If such amounts are not paid immediately, the Firm shall deduct said amount from the Client's portion of any settlement or award.

Client Initials

4. **Payment Obligations**. Client agrees to pay fees and expenses and to reimburse the Firm for expenses paid on Client's behalf, not later than 10 days from the date that Firm submits a bill to Client. If the amount due to the Firm is not paid within 10 days after the bill has been sent, interest will accrue on the unpaid amount at the prevailing statutory rate as set forth in the New York Civil Practice Law and Rules.

5. **Application for Fees**. The Firm agrees if legally appropriate, to move the court for an award of counsel fees on Client's behalf. There is no certainty that any such recovery will actually occur, as the application rests in the discretion of the court. Moreover, an application for fees shall not relieve Client of liability for fees and expenses.

6. **Limited Scope of Representation**. This Agreement does not apply to any claim filed by Client, unless such claim was initiated by the Firm. However, at the discretion of the Firm, the Firm may appear in said matters or provide counsel. Additionally, this retainer is not for purposes of filing with any agencies, filing a lawsuit, or for handling any appeals. However, to the extent the Firm performs any such work, payment will be due and owing in accordance with the terms of this Agreement. However, the Firm cannot recover fees in New York State unemployment insurance proceedings and the Firm is not obligated to represent the Client in such proceedings, if they exist. Should Client wish to file a charge or a lawsuit in this matter, a new retainer will be entered into between the parties.

7. **Value of the Claims**. The Firm makes no representation as to the value of the claims or the chances of success in the representation. Legal actions are subject to many variables such as the demeanor and recollection of witnesses, the availability of substantiating documents and other evidence all of which may affect the outcome of a matter. Accordingly, the Firm cannot guarantee any results. Client's signature below constitutes an acknowledgment that the Firm has made no warrants or guarantees, expressed or implied, as to the outcome or the amounts recoverable in the matter.

8. **Settlement**. The Firm shall settle claims only with the Client's consent. However, if Client gives the Firm written or oral consent to settle a matter and the Firm settles the matter, the Client may be bound by that agreement even before Client signs a formal written settlement agreement. In the event Client later decides to challenge the validity of such a settlement or otherwise fails to abide by such agreement, the Firm is under no obligation to represent Client in such endeavor and Firm may choose to withdraw from the representation. This constitutes a withdrawal for good cause.

9. **Power-of-Attorney to Negotiate Instruments**. The Firm, as attorney-in-fact, shall have the power-of-attorney to execute any and all instruments and documents to consummate the settlement on behalf of Client including, but not limited to, a stipulation of discontinuance with prejudice. Additionally, the Firm is authorized to negotiate any checks or other instruments that are payable to the Client and/or the Firm. The Firm will promptly notify Client of receipt of such instruments and the Firm will keep accurate records thereof. The Firm may deduct from such funds any outstanding fees or expenses.

10. **Withdrawal by the Firm**. The Firm may withdraw as counsel for good cause. Good cause includes, but is not limited to: (1) the Client's failure to act in good faith; (2) the Client's failure to cooperate; (3) the Client's failure to actively participate in the furtherance of the claims; (4)

______ Client Initials

Client's breach of any paragraph of this Agreement, including, but not limited to Client's payment obligations; (5) Client's refusal to follow the Firm's reasonable advice on a material matter; (6) the identification of any fact or circumstance that would render the Firm's continuing representation unlawful or unethical; (7) Client's failure to provide the Firm with any documents or evidence in Client's possession relating to the case (8) Client's unreasonable failure to concur with attorneys' judgment or recommendation regarding the value of the case or with the Firm's management of the case; (9) the determination that Client has signed a waiver or release against an opposing party, that his/her claims are time-barred, or that he/she has not alleged a meritorious action; or (10) adverse new developments such as new law or adverse facts. In the event that the Firm withdraws from its representation of the Client, the Firm will notify the Client of same in writing. In the event the Firm withdraws from its representation, the Firm will comply with Section 1.16(e) of the New York Rules of Professional Conduct, which states that:

> *[A] lawyer shall take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client, including giving reasonable notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, promptly refunding any part of a fee paid in advance that has not been earned and complying with applicable laws and rules.*

If the Firm's representation is terminated for good cause, the Firm's payment will be calculated as described in paragraph 11 below.

11. **Client's Right to Discharge Firm**. Client shall have the right to discharge the Firm at any time upon written notification. In the event of a good cause withdrawal or a discharge, the Firm is entitled to immediate payment of any amounts due and owing. Additionally, the Firm may maintain a lien on Client's claim(s) including any cause of action or lawsuit filed thereon or any recovery, whether by settlement, judgment, compromise or otherwise in any action that Client has filed. The amount of the lien will include the greater of (a) the firms quantum meruit based upon the hours put into the case. For your information, currently, the Firms Hourly rates are $500.00-$600.00/hour for work performed by the Firm's partners, $400.00-$500.00/hour for Senior Associates, $300.00-400.00/hour for Junior Associates and $150.00-$250.00/hour for interns, paralegals or other employees (these rates do increase on an annual basis) or (b) any amounts due and owing which remain unpaid and/or (c) the Firm's Contingency Fee (as calculated pursuant to paragraph 2 above) of the last highest settlement proposal (whether offered formally or discussed informally and whether expressed to Client through the Firm, directly to Client, or through other source). Client is on notice that the hourly rates in this retainer are subject to annual escalation to ensure that the rates being charged are consistent with those being charged in the Southern District of New York. In any event the Client is on notice that the Firm is entitled to a minimum escalation of 10% per year.

12. **No Existing Liens**. The Client represents that no other attorney has been given an interest in this case, or is owed any fee for services provided to the Client in connection with this case, nor are there any other liens or encumbrances on the claims. In the event such liens or encumbrances exist, the Firm retains the right to withdraw as counsel, and the Client shall be solely responsible for payment of any and all liens or encumbrances, and shall indemnify and hold harmless the Firm from any such claims.


______ Client Initials

13. **Client Retains the Firm, Not One Specific Attorney**. The Client understands that he/she is retaining the Firm and not one specific attorney. The Firm reserves the right to assign and delegate all aspects of the representation to employees of the Firm as the Firm, in its sole discretion, deems appropriate. Any of the Firm's attorneys and/or paraprofessionals may perform the work, labor and services in the representation of Client. However, the Firm warrants that the work will be performed by persons capable of performing such work.

14. **Conflict of Interest.** The Firm is not aware of any potential or actual conflicts of interest. The Firm will notify the Client of any possible conflicts of interest that may arise. Nothing herein shall be deemed to authorize or permit the Firm to disclose to any other clients or to any other person, or to use in a manner or basis averse to Client's interests, any confidential information concerning the Client obtained by the Firm in the course of our representation of the Client. Client is aware however, that the Firm may represent more than one employee against the same Employer with similar or varying claims. This inherently presents a potential conflict which the Client has been made aware of and chosen to waive in order to permit the Firm to represent Client, other individuals with similar or varying claims against the same Employer and/or a group of individuals with similar claims against the same Employer.

15. **Client's Duty to Mitigate Damages**. The Firm has advised Client that in order to recover for financial losses, the Client has a duty to mitigate damages. This means that the Client must make reasonable efforts to minimize the amount of damages that he/she sustains. For example, in a wrongful termination claim, this typically means that a Client has a duty to use reasonable diligence to find reasonably comparable employment after the termination. In the event Client has not mitigated his/her damages, he/she may be precluded from recovering lost pay. Accordingly, the Firm strongly recommends that Client keep records to evidence his/her job search, including resumes, fax cover sheets, cover letters, rejection letters and a detailed log documenting all job search efforts. Additionally, the opposing party will be able to obtain these documents; accordingly, any inaccuracies or omissions may damage Client's credibility. If your charge is not a termination claim, please discuss your duty to mitigate with the Firm's lawyers.

16. **Timeliness of Claim / Statute of Limitations**. The Client understands that no claim can be brought on his/her behalf unless it is a timely claim under the applicable statute of limitations. The "statute of limitations" is a time period designated by federal, state and/or local law that requires a claim to be filed with an administrative agency and/or court within a certain period of time. The statute of limitations time period varies depending upon the jurisdiction and the type of claim that the Client alleges. As the Firm is not filing an action on the Client's behalf, the Firm will not be taking steps to preserve his/her Statute of Limitations. Thus, it is Client's responsibility to ensure that the claims remain timely. Thus, Client will not hold the Firm responsible if a statute of limitations expires while Client has retained the Firm.

17. **Statement of Client Rights**. The New York Rules of Courts provides that you are entitled to: (1) be treated with courtesy and consideration, at all times by your lawyer and the other lawyers and personnel in your lawyer's office; (2) an attorney capable of handling your legal matter competently and diligently, in accordance with the highest standards of the profession. If you are not satisfied with how your matter is being handled, you have the right to withdraw from the attorney-client relationship at any time (court approval may be required in some matters and your attorney may have a claim against you for the value of services rendered to you up to the point of discharge); (3) your lawyer's independent professional judgment and undivided loyalty

______ Client Initials

uncompromised by conflicts of interest; (4) be charged a reasonable fee and to have your lawyer explain at the outset how the fee will be computed and the manner and frequency of billing. You are entitled to request and receive a written itemized bill from your attorney at reasonable intervals. You may refuse to enter into any fee arrangement that you find unsatisfactory. In the event of a fee dispute, you may have the right to seek arbitration; your attorney will provide you with the necessary information regarding arbitration in the event of a fee dispute, or upon your request; (5) have your questions and concerns addressed in a prompt manner and to have your telephone calls returned promptly; (6) be kept informed as to the status of your matter and to request and receive copies of papers. You are entitled to sufficient information to allow you to participate meaningfully in the development of your matter; (7) have your legitimate objectives respected by your attorney; including whether or not to settle your matter (court approval of a settlement is required in some matters); (8) privacy in your dealings with your lawyer and to have your secrets and confidences preserved to the extent permitted by law; (9) have your attorney conduct himself or herself ethically in accordance with the Code of Professional Responsibility; and, (10) you cannot be refused representation on the basis of race, creed, color, religion, sex, sexual orientation, age, national origin or disability.

18. <u>Additional Client Duties and Responsibilities</u>. Among other duties and responsibilities set forth herein, Client is obligated to (1) treat the lawyers and staff with courtesy and consideration; (2) be completely honest with the Firm and apprise the Firm of all facts or circumstances regarding the matter which is the subject of the representation, even if the facts may be unflattering to the Client or detrimental to Client's cause; (3) understand that the Firm has other commitments equally demanding of the Firm's time and attention, yet expect that your communications will be answered within a reasonable time frame; (4) respond promptly to the Firm's requests for information and cooperation; (5) promptly keep the Firm advised of a change in your street address, e-mail address(es), telephone number(s), employment status, and other events that may relate to the representation; (6) cooperate in all aspects of the case and comply with all of the Firm's reasonable requests; (7) appear on time for depositions, court appearances, and office appointments; (8) provide the Firm with all documents and information relevant to the matter; and, (9) abide by all terms of this Agreement, including, but not limited to, Client's payment obligations.

Client understands and is aware that (s)he has an ongoing obligation to maintain any and all documents or evidence that may be relevant to the case. These will include, but are not limited to documents which refers to traditional paper or other tangible materials, as well as files and documents that are stored electronically ("ESI"), including, but not limited to: email, surveillance and/or security video or still images, electronic documents such as Microsoft Word documents, spreadsheets, images, PDFs, databases, calendar entries, text or SMS messages, contents of personal digital assistant devices (PDAs),external hard drives, "thumb" drives, CDs, DVDs, or any other media (whether fixed or transportable) on which relevant electronic information may be stored. Client must provide such materials to our office as soon as practicable and on an ongoing basis, should any additional documents be located during the pendency of the representation. A failure to comply with this section may be considered a breach of the attorney client relationship and be cause for the Firm withdrawing as counsel.

Additionally, Client has an ongoing obligation to immediately inform the Firm if Client has filed or files for bankruptcy. Should that be or become the case, Client must immediately provide the Firm with Client's bankruptcy attorney's contact information as well as the Trustee

______ Client Initials

appointed. Client understands that Client may have a duty to inform their bankruptcy attorney and/or trustee of this potential claim and should therefore contact the Firm immediately to discuss how to proceed.

19. **Disclosure of Client's Personal Information**. Client acknowledges that during the course of the representation, the disclosure of certain personal / private information may be required. The Client hereby authorizes the Firm to obtain and/or disclose all such information, including medical records and reports, tax records, prior employment records, and any other such records as the Firm deems reasonably necessary to disclose or review. Additionally, the Client hereby gives the Firm power-of-attorney to execute authorizations permitting the release of all of Client's medical, tax and/or employment records to the Firm and/or to the opposing counsel. Client understands that this information may be released to and viewed by the Firm employees, as well as the opposing party(s) and its lawyers.

20. **Client's File**. Client's file will be maintained in a reasonably secure manner. The file includes all documents obtained during the course of the representation, as well as original documents furnished by Client. The Firm shall retain the file during the pendency of the representation. At the conclusion of the representation, Client can make arrangements to retrieve the file and/or a copy thereof and the Firm will make the file readily available for retrieval. If at the conclusion of the representation, Client fails to take possession of the file or provide the Firm with instructions regarding its disposition, the Firm reserves the right to destroy the file two years after the conclusion of the representation. The Firm strongly recommends that Client retain a copy of any settlement agreement which may be signed or other contracts Client may have signed.

21. **Governing Law**. This Agreement shall be governed and construed in accordance with the laws of the State of New York.

22. **Authority to Execute**. This Agreement may be executed in counterparts, and/or by facsimile or electronic copy, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. However, only a partner of the Firm is authorized to execute this Agreement and thereby bind the Firm.

23. **Mediation of Dispute.** In the event of any dispute between the Firms and the Client with respect to the interpretation, application or enforcement of this Agreement or any provision of this Agreement, the Client and the Firms shall first attempt in good faith to resolve the matter through confidential negotiation. If the matter is not resolved through confidential negotiation, the Client and the Firm agree that they will enter into confidential mediation. They will jointly select and retain a mediator to assist them in attempting to resolve the matter. The Client and the Firm agree that they will use arbitration or litigation to resolve any such dispute only as a last resort. The ONLY exception to the Client's obligation to mediate prior to pursuing arbitration or litigation is that he/she retains the right to pursue fee disputes pursuant to Part 137 of the Rules of the Chief Administrator of the Courts of New York ("Part 137"). Upon the Client's request, a copy of said rules will be provided to the Client; they are also available online at www.courts.state.ny.us/admin/feedispute/part137.shtml.Additionally,Client understands and agrees that any Dispute not resolved through mediation may be resolved by a lawsuit, but such lawsuit shall be tried without a jury. Each of the parties to this Agreement, hereby waives, to the

 Client Initials

fullest extent permitted by law, the right to trial by jury in any lawsuit relating directly or indirectly to a Dispute. The parties expressly agree that any such lawsuit shall be tried before a judge and not a jury.

24. **Confidentiality of Dispute Between Client and Firm**. To the extent that any dispute arises between the Firm and Client, the Firm and Client agree not to disclose or cause to be disclosed, either directly or indirectly, to any person or organization (except to his/her legal and financial advisor(s), or as required by law, or governmental regulatory authority) any information regarding the nature, facts or circumstances underlying the dispute.

25. **Client Fully Understands This Agreement**. The Client acknowledges that he/she has read and fully understands all of the terms and conditions of this Agreement, including, but not limited to, all payment terms and the arbitration provisions, and is signing this Agreement knowingly, voluntarily and of his/her own free will. The Client has had the opportunity to review this document with counsel of his/her own choosing prior to such execution and the Firm has recommended that Client do so. The Client further acknowledges that he/she is entitled to receive a copy of this Agreement upon execution of same.

26. **Severability**. If any provision of this Agreement is held to be invalid, unethical, or unenforceable, the remaining provisions shall remain in full force and effect.

27. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior verbal or written agreements or understandings. This Agreement, including this paragraph, cannot be changed except in a writing signed by all parties hereto.

Dated: 4/8/14
Garden City, New York

VALLI KANE & VAGNINI LLP

Client Name (Print)

Client Signature

Street Address

Home Phone

City / State / Zip Code

Work Phone

Primary E-mail Address

Cell Phone

Social Security Number

Date of Birth

Client Initials