EXHIBIT E

# Valli Kane & Vagnini LLP

600 Old Country Road, Suite 519
Garden City, New York 11530

Telephone: 516-203-7180                                             Facsimile: 516-706-0248

rvalli@vkvlawyers.com
skane@vkvlawyers.com
jvagnini@vkvlawyers.com

## RETAINER AGREEMENT

Shawn Ellis ("Client") and the Law Firm of Valli Kane & Vagnini LLP (hereinafter "the Firm"), duly licensed to practice law in the State of New York, enter into this Retainer Agreement ("Agreement") and hereby agree to the following terms:

1. **Purpose**. This Agreement is for the purpose of representing Client with respect to his individual claims and the claims of those who are similarly situated (hereinafter referred to as "Class") of not receiving overtime wages in violation of Federal and/or State Laws and any retaliation for raising such violations against New Soldier's Restaurant, Inc. ("Defendants"). The Firm will provide the legal services that the Firm believes are appropriate to pursue Client's claims in accordance with prevailing legal and ethical standards. The Client authorizes the Firm to pursue Client's claims not only on behalf of the Client, but also on behalf of other similarly situated individuals with claims similar to the Client's claims. The Client authorizes the Firm to investigate the claims of the Client and the Potential Class and to pursue a settlement with the Defendants of the Client's claims and/or the claims of the Potential Class prior to the filing of a complaint, including, if appropriate, monetary and programmatic relief on behalf of the Potential Class. In the event that the Pre-filing class settlement efforts are unsuccessful in resolving the claims of the Client and the Potential Class and the Firm determines, after investigation of the claims of the Client and the Potential Class, that litigation of such claims is merited and supported by the facts and applicable law, the Client authorizes the Firm to file a collective and/or class action in Federal or State Court on behalf of the Client as a representative of the Potential Class. Based on the firms professional judgment, after assessing that Client appears to be a suitable named plaintiff and Class Representative and discussing with the Client that Client is willing to undertake the duties to the Class described below, the Firm may ultimately file a lawsuit on behalf of Client as a representative of the Class in Court. As the parties have discussed, this Agreement does not encompass, nor does it engage the Firm to represent the Client in any matter not described above, specifically, but not limited to an appeal.

2. **Duties to the Class**. The Client understands that the Client and the Firm have certain specific legal responsibilities to the Class of similarly situated employees, including but not limited to – representing the interests of the Class (of which you are a member), thus you have as your duty the primary goal advancing the interests of the Class; working towards obtaining fair relief to compensate the losses of the Class; to be prepared to work with the Firm on all aspects of the litigation; being available for meetings and calls with the Firm; sitting for a deposition; answering written questions; gathering documents in your possession related to the case; and appearing in Court if necessary. Client authorizes the Firm to do what is necessary to successfully prosecute the case on behalf of the Class. At some point in time, Client may be responsible for providing notice to the Class, a task the Firm will undertake on Client's behalf. Client understands that as a

SE _____ Client Initials

Class Representative, Client will be expected to protect personal and confidential information. Client has not been promised and does not expect any special treatment above the treatment which may be awarded to other Class members (although if successful the Firm may seek permission to award the Client additional compensation for the extra time and effort you expend as a Class representative and for having the courage to challenge the Company's conduct, however there is no guarantee that the Court will authorize it).

3. **Attorneys' Fees**. The Firm and Co-Counsel will be paid for its attorneys' fees only if a settlement, judgment, or other recovery is obtained from the Company. If there is a recovery from the Company, the Firm may choose between twoforms of compensation for its legal services:

   (a) The Firm and Co-Counsel will be entitled to up to forty percent (40%) of any "gross recovery" for the Client and any Class ("contingency fee"). "Gross recovery" means the total of all amounts received from the Company prior to reimbursement of expenses.

   OR

   (b) The Firm and Co-Counsel will be entitled to reasonable attorneys' fees awarded by a Court or paid in settlement. Reasonable attorneys' fees may be calculated by the number of hours worked multiplied by a reasonable hourly rate, plus any applicable fee enhancements, or as a percentage of the gross recovery. The Firm and Co-Counsel's current hourly rates are available upon request and may change from time to time.

   Client agrees that the Firm may work with other firms ("Co-Counsel") on this case. The Firm and Co-Counsel will enter into a fee-sharing agreement with respect to attorneys' fees. Any fee-sharing agreement will not affect the contingency fee to be charged to the Client if there is a recovery from the Company, but if attorneys' fees are calculated by a reasonable hourly rate under section (b) above, then the Firm and all Co-Counsel will be entitled to the number of hours worked multiplied by their hourly rates. Client further understands and acknowledges that any settlement or award is a taxable event and Client is urged to seek financial accounting advice should (s)he receive a settlement or award.

4. **Expenses**. The Firm and Co-Counsel shall advance the expenses relating to this matter. In the event of a settlement or award, the Client understands and agrees that the Firm and Co-Counsel shall be reimbursed out of any recovery for all costs advanced, before any distribution of attorneys' fees or any distribution to the Client or the Class. Costs may include, but are not limited to, filing fees, court costs, costs of service by special process, court reporters, videographers, and related deposition or transcript expenses, copying and printing costs, long distance phone calls, computerized legal research, document reproduction, coding and organization services, administrative processing fees, delivery charges, graphic design, travel expenses, consultant's fees, mediation fees and investigative and expert witness services. The Firms also agree to seek the payment of costs and expenses from the Employer either through negotiation or through a formal motion for costs and expenses in the event Client is the prevailing party.

5. **Application for Fees**. Unless precluded by the terms of a settlement, the Firm agrees, if appropriate to move the court for an award of attorney's fees on the Class's behalf, in the event of

_SE_ Client Initials

a monetary recovery on behalf of the Class, or any similar class. There is no certainty that any such recovery will actually occur, as the decision rests in the discretion of the court. Moreover, an application for fees shall not relieve Client of liability for fees and expenses. However, any award of fees will be credited to Client as set forth in Paragraph 3 above. In addition, Client understands and agrees that the Firm retains the right to seek reimbursement of their fees and costs pursuant to the Common Fund doctrine from any class-wide monetary recovery that may be obtained from the Company consistent with Paragraph 3 above.

6. **Limited Scope of Representation**. This Agreement does not apply to any claim filed by Client, unless such claim was initiated by the Firm or the Firm agrees to undertake such representation. Additionally, the Firm is not obligated to represent Client to handle any appeals. However, to the extent the Firm performs any such work, payment will be due and owing in accordance with the terms of this Agreement.

7. **Value of the Claims**. The Firm makes no representation as to the value of the claims or the chances of success in the representation. Legal actions are subject to many variables such as the demeanor and recollection of witnesses, the availability of substantiating documents and other evidence all of which may affect the outcome of a matter. Accordingly, the Firm cannot guarantee any results. Client's signature below constitutes an acknowledgment that the Firm has made no warrants or guarantees, expressed or implied, as to the outcome or the amounts recoverable in the matter.

8. **Decision Making**. The Firm has the right to make strategic and legal decisions on the basis of its expert knowledge and experience. The Firm will make fundamental litigation decisions regarding the claims of the Class. The Firm will regularly advise the Client of major developments in the case.

9. **Settlement**. The Firm must approve the settlement of the Class Claims, but will consult with Client before recommending a settlement. If the Class claims are settled, the settlement must be approved by the Court. The Firm shall settle Client's individual claims only with the Client's consent. If Client gives the Firm written or oral consent to settle a matter and the Firm settles the matter, the Client may be bound by that agreement even before Client signs a formal written settlement agreement. In the event Client later decides to challenge the validity of such a settlement or otherwise fails to abide by such agreement, the Firm is under no obligation to represent Client in such endeavor and Firm may choose to withdraw from the representation. This constitutes a withdrawal for good cause.

10. **Power-of-Attorney to Negotiate Instruments**. Subject to Client's right to approve any settlement of Client's individual claims, the Firm, as attorney-in-fact, shall have the power-of-attorney to execute any and all instruments and documents to consummate the settlement on behalf of Client including, but not limited to, a stipulation of discontinuance with prejudice. Additionally, the Firm is authorized to negotiate any checks or other instruments that are payable to the Client and/or the Firm. The Firm will promptly notify Client of receipt of such instruments and the Firm will keep accurate records thereof. The Firm may deduct from such funds any outstanding fees or expenses.

11. **Withdrawal by the Firm**. The Firm may withdraw as counsel for good cause. Good cause includes, but is not limited to: (1) the Client's failure to act in good faith; (2) the Client's failure

SE   Client Initials

to cooperate; (3) the Client's failure to actively participate in the furtherance of the claims; (4) Client's breach of any paragraph of this Agreement, including, but not limited to Client's payment obligations; (5) Client's refusal to follow the Firm's reasonable advice on a material matter; (6) the identification of any fact or circumstance that would render the Firm's continuing representation unlawful or unethical; (7) Client's failure to provide the Firm with any documents or evidence in Client's possession relating to the case (8) Client's unreasonable failure to concur with attorneys' judgment or recommendation regarding the value of the case or with the Firm's management of the case; (9) the determination that Client has signed a waiver or release against an opposing party, that his/her claims are time-barred, or that he/she has not alleged a meritorious action; or (10) adverse new developments such as new law or adverse facts. In the event that the Firm withdraws from its representation of the Client, the Firm will notify the Client of same in writing. In the event the Firm withdraws from its representation, the Firm will comply with Section 1.16(e) of the New York Rules of Professional Conduct, which states that:

> *[A] lawyer shall take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client, including giving reasonable notice to the client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, promptly refunding any part of a fee paid in advance that has not been earned and complying with applicable laws and rules.*

In the case of termination by the Firm under sections 6, 9 & 10 of this paragraph, and if the Client ultimately obtains a recovery from the Company on any claim prosecuted by the Firm, then the Firm and Co-Counsel retain the right to recover expenses and costs, and fifty percent (50%) of its attorneys' fees for all time reasonably expended through the date of termination.

If the termination is due to the Client's failure to abide by his obligations under this Agreement, and if the Client ultimately obtains a recovery from the Company on any claim prosecuted by the Firm, the Firm and Co-Counsel retain the right to recover expenses and costs, and the greater of: one-hundred percent (100%) of their attorneys' fees for all time reasonably expended through the date of termination *or* the Contingency Fee (as calculated pursuant to paragraph 3 above) of the last highest settlement proposal during the Firm's representation of the Client (whether offered formally or discussed informally and whether expressed to Client through the Firm, directly to Client, or through other source).

12. **Client's Right to Discharge Firm**. Client shall have the right to discharge the Firm at any time upon written notification. If the Client discharges the Firm, and in the event a recovery from the Company occurs after such termination, then the Firm and Co-Counsel are entitled to reimbursement of any unpaid expenses and costs and the greater of: (a) payment of attorneys' fees for all time reasonably expended through the date of termination; *or* (b) if Client discharges Firm in bad faith, the Contingency Fee (as calculated pursuant to paragraph 3 above) of the last highest settlement proposal during the representation (whether offered formally or discussed informally and whether expressed to Client through the Firm, directly to Client, or through other source).

13. **No Existing Liens**. The Client represents that no other attorney has been given an interest in this case, or is owed any fee for services provided to the Client in connection with this case, nor are there any other liens or encumbrances on the claims. In the event such liens or encumbrances exist, the Firm retains the right to withdraw as counsel, and the Client shall be solely responsible

_SE_ Client Initials

for payment of any and all liens or encumbrances, and shall indemnify and hold harmless the Firm from any such claims.

14. **Client Retains the Firm, Not One Specific Attorney**. The Client understands that he/she is retaining the Firm and not one specific attorney. The Firm reserves the right to assign and delegate all aspects of the representation to employees of the Firm as the Firm, in its sole discretion, deems appropriate. Any of the Firm's attorneys and/or paraprofessionals may perform the work, labor and services in the representation of Client. However, the Firm warrants that the work will be performed by persons capable of performing such work.

15. **Conflict of Interest**. The Firm is not aware of any potential or actual conflicts of interest. The Firm will notify the Client of any possible conflicts of interest that may arise. Any information provided by the Client in confidence to the Firm or Co-Counsel may be shared with the additional Clients, or any other members of the Class, but shall be privileged as to any other persons. Client agrees to maintain strict confidentiality as to all such communications and documents unless all such clients agree to the release of such communications or documents. Client understands that the Firm is representing more than one individual against the same employer and this inherently presents a potential conflict of interest and has agreed and understands that he/she is hereby waiving any such conflict.

16. **Client's Duty to Mitigate Damages**. The Firm has advised Client that in order to recover for financial losses, the Client has a duty to mitigate damages. This means that the Client must make reasonable efforts to minimize the amount of damages that he/she sustains. For example, in a wrongful termination claim, this typically means that a Client has a duty to use reasonable diligence to find reasonably comparable employment after the termination. In the event Client has not mitigated his/her damages, he/she may be precluded from recovering lost pay. Accordingly, the Firm strongly recommends that Client keep records to evidence his/her job search, including resumes, fax cover sheets, cover letters, rejection letters and a detailed log documenting all job search efforts. Additionally, the opposing party will be able to obtain these documents; accordingly, any inaccuracies or omissions may damage Client's credibility. If your charge is not a termination claim, please discuss your duty to mitigate with the Firm's lawyers.

17. **Timeliness of Claim / Statute of Limitations**. The Client understands that no claim can be brought on his/her behalf, unless it is a timely claim under the applicable statute of limitations. The "statute of limitations" is a time period designated by federal, state and/or local law that requires a claim to be filed with an administrative agency and/or court within a certain period of time. The statute of limitations time period varies depending upon the jurisdiction and the type of claim that the Client alleges. In filing an action on the Client's behalf, the Firm will take reasonable steps to preserve his/her Statute of Limitations, presuming the claims are timely as of the date this Agreement is executed. However, the Firm cannot stop the Statute of Limitations until we obtain a Consent to Join the action form from the Client. Thus, Client will not hold the Firm responsible if a statute of limitations expires either shortly after the retention of the Firm or if the Client has not provided the Consent to Join form. The Firm must be given a reasonable amount of time to fully assess the matter prior to being capable of assuring the preservation of all claims. The Firm will use reasonable efforts in this regard.

18. **Statement of Client Rights**. The New York Rules of Courts provides that you are entitled to: (1) be treated with courtesy and consideration, at all times by your lawyer and the other lawyers and

SE  Client Initials

personnel in your lawyer's office; (2) an attorney capable of handling your legal matter competently and diligently, in accordance with the highest standards of the profession. If you are not satisfied with how your matter is being handled, you have the right to withdraw from the attorney-client relationship at any time (court approval may be required in some matters and your attorney may have a claim against you for the value of services rendered to you up to the point of discharge); (3) your lawyer's independent professional judgment and undivided loyalty uncompromised by conflicts of interest; (4) be charged a reasonable fee and to have your lawyer explain at the outset how the fee will be computed and the manner and frequency of billing. You are entitled to request and receive a written itemized bill from your attorney at reasonable intervals. You may refuse to enter into any fee arrangement that you find unsatisfactory. In the event of a fee dispute, you may have the right to seek arbitration; your attorney will provide you with the necessary information regarding arbitration in the event of a fee dispute, or upon your request; (5) have your questions and concerns addressed in a prompt manner and to have your telephone calls returned promptly; (6) be kept informed as to the status of your matter and to request and receive copies of papers. You are entitled to sufficient information to allow you to participate meaningfully in the development of your matter; (7) have your legitimate objectives respected by your attorney; including whether or not to settle your matter (court approval of a settlement is required in some matters); (8) privacy in your dealings with your lawyer and to have your secrets and confidences preserved to the extent permitted by law; (9) have your attorney conduct himself or herself ethically in accordance with the Code of Professional Responsibility; and, (10) you cannot be refused representation on the basis of race, creed, color, religion, sex, sexual orientation, age, national origin or disability.

19. **Additional Client Duties and Responsibilities.** Among other duties and responsibilities set forth herein, Client is obligated to (1) treat the lawyers and staff with courtesy and consideration; (2) be completely honest with the Firm and apprise the Firm of all facts or circumstances regarding the matter which is the subject of the representation, even if the facts may be unflattering to the Client or detrimental to Client's cause; (3) understand that the Firm has other commitments equally demanding of the Firm's time and attention, yet expect that your communications will be answered within a reasonable time frame; (4) respond promptly to the Firm's requests for information and cooperation; (5) promptly keep the Firm advised of a change in your street address, e-mail address(es), telephone number(s), employment status, and other events that may relate to the representation; (6) cooperate in all aspects of the case and comply with all of the Firm's reasonable requests; (7) appear on time for depositions, court appearances, and office appointments; (8) provide the Firm with all documents and information relevant to the matter; and, (9) abide by all terms of this Agreement, including, but not limited to, Client's payment obligations.

20. **Maintaining Documents.** Client understands and is aware that (s)he has an ongoing obligation to maintain any and all documents or evidence that may be relevant to the case. These will include, but are not limited to documents which refers to traditional paper or other tangible materials, as well as files and documents that are stored electronically ("ESI"), including, but not limited to: email, surveillance and/or security video or still images, electronic documents such as Microsoft Word documents, spreadsheets, images, PDFs, databases, calendar entries, text or SMS messages, contents of personal digital assistant devices (PDAs), external hard drives, "thumb" drives, CDs, DVDs, or any other media (whether fixed or transportable) on which relevant electronic information may be stored. Client must provide such materials to our office as soon as practicable and on an ongoing basis, should any additional documents be located during the

SE   Client Initials

pendency of the representation. A failure to comply with this section may be considered a breach of the attorney client relationship and be cause for the Firm withdrawing as counsel.

21. **Communication**. Client agrees not to communicate about this case to anyone other than the Firm and Co-Counsel. This means that client will not communicate about this case to the Company, the Company's attorneys, the media, any court, or any other third party so long as he is represented by the Firm, unless directed to do so by the Firm or Co-Counsel. Publicity often is an inevitable, appropriate, and effective part of litigation, and the Client authorizes the Firm and Co-Counsel to publicize, in their discretion, information about any settlement or lawsuit

22. **Bankruptcy**. Client has an ongoing obligation to immediately inform the Firm if Client has filed or files for bankruptcy. Should that be or become the case, Client must immediately provide the Firm with Client's bankruptcy attorney's contact information as well as the Trustee appointed. Client understands that Client has a duty to inform their bankruptcy attorney and/or trustee of this potential claim or pending action and any failure to do so could inherently harm their claim or the action, if one has been filed.

23. **Disclosure of Client's Personal Information**. Client acknowledges that during the course of the representation, the disclosure of certain personal / private information may be required. The Client hereby authorizes the Firm to obtain and/or disclose all such information, including medical records and reports, tax records, prior employment records, and any other such records as the Firm deems reasonably necessary to disclose or review. However, the Firm will attempt to protect such documents under a protective order limiting review to the opposing party's lawyers and persons within the company with a need to know. Additionally, the Client hereby gives the Firm power-of-attorney to execute authorizations permitting the release of all Clients medical, tax and/or employment records to the Firm and/or to the opposing counsel. Client understands that this information may be released to and viewed by the Firm employees, as well as the opposing party(s) and its lawyers.

24. **Client's File**. Client's file will be maintained in a reasonably secure manner. The file includes all documents obtained during the course of the representation, as well as original documents furnished by Client. The Firm shall retain the file during the pendency of the representation. At the conclusion of the representation, Client can make arrangements to retrieve the file and/or a copy thereof and the Firm will make the file readily available for retrieval. If at the conclusion of the representation, Client fails to take possession of the file or provide the Firm with instructions regarding its disposition, the Firm reserves the right to destroy the file two years after the conclusion of the representation. The Firm strongly recommends that Client retain a copy of any settlement agreement which may be signed or other contracts Client may have signed.

25. **Governing Law**. This Agreement shall be governed and construed in accordance with the laws of the State of New York.

26. **Authority to Execute**. Only a partner of the Firm is authorized to execute this Agreement and thereby bind the Firm.

27. **Mediation of Dispute**. In the event of any dispute between the Firms and the Client with respect to the interpretation, application or enforcement of this Agreement or any provision of this Agreement, the Client and the Firms shall first attempt in good faith to resolve the matter through

_SE_ Client Initials

confidential negotiation. If the matter is not resolved through confidential negotiation, the Client and the Firm agree that they will enter into confidential mediation. They will jointly select and retain a mediator to assist them in attempting to resolve the matter. The Client and the Firm agree that they will use arbitration or litigation to resolve any such dispute only as a last resort. The ONLY exception to the Client's obligation to mediate prior to pursuing arbitration or litigation is that he/she retains the right to pursue fee disputes pursuant to Part 137 of the Rules of the Chief Administrator of the Courts of New York ("Part 137"). Upon the Client's request, a copy of said rules will be provided to the Client; they are also available online at www.courts.state.ny.us/admin/feedispute/part137.shtml. Additionally, Client understands and agrees that any Dispute not resolved through mediation may be resolved by a lawsuit, but such lawsuit shall be tried without a jury. Each of the parties to this Agreement, hereby waives, to the fullest extent permitted by law, the right to trial by jury in any lawsuit relating directly or indirectly to a Dispute. The parties expressly agree that any such lawsuit shall be tried before a judge and not a jury.

28. **Confidentiality of Dispute Between Client and Firm**. To the extent that any dispute arises between the Firm and Client, the Firm and Client agree not to disclose or cause to be disclosed, either directly or indirectly, to any person or organization (except that which is necessary to participate in the dispute resolution process as set forth in paragraph 24 above to his/her legal and financial advisor(s), or as required by law, or governmental regulatory authority) any information regarding the nature, facts or circumstances underlying the dispute.

29. **Client Fully Understands This Agreement**. The Client acknowledges that he/she has read and fully understands all of the terms and conditions of this Agreement, including, but not limited to, all payment terms and the alternative dispute resolution procedures, and is signing this Agreement knowingly, voluntarily and of his/her own free will. The Firm has advised the Client of Client's right to review this document with counsel of his/her own choosing. The Client further acknowledges that he/she is entitled to receive a copy of this Agreement upon execution of same.

30. **Severability**. If any provision of this Agreement is held to be invalid, unethical, or unenforceable, the remaining provisions shall remain in full force and effect.

31. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto and fully supersedes any and all prior verbal or written agreements or understandings. This Agreement, including this paragraph, cannot be changed except in a writing signed by all parties hereto.

Dated: September 3, 2014

_Shawn Ellis_
Client Name (Print)

VALLI KANE & VAGNINI LLP
Client Signature

Street Address

Home Phone

City / State / Zip Code

Work Phone

_SE_ Client Initials

Page 8 of 9

_____         _____
Primary E-mail Address              Cell Phone

_____         _____
Social Security Number              Date of Birth

_____ Client Initials