```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
GERMAIN CUTHBERT, on behalf of himself                      :
and all others similarly situated,                          :      **MEMORANDUM**
                                                            :      **DECISION AND ORDER**
                              Plaintiff,                    :
                                                            :      14 Civ. 5466 (BMC)
              - against -                                   :
                                                            :
NEW SOLDIER'S RESTAURANT INC.;                              :
WITCLIFFE WILLIAMS, an individual;                          :
CANDY WILLIAMS, an individual; and                          :
CRAIG WILLIAMS, an individual,                              :
                                                            :
                              Defendants.                   :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

In this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, plaintiffs seek an award of attorneys' fees for having obtained a default judgment against defendants, which are a restaurant and its three owners or managers. There are two plaintiffs; one received judgment of $71,260.78, and the other received judgment of $116,297.84. Plaintiffs' counsel has submitted the separate retainer agreements for each plaintiff. Each retainer agreement provides for a contingent fee of 40% of any gross recovery – defined as all amounts received from defendants prior to reimbursement of expenses – or, alternatively, a "reasonable fee" as determined by the Court. Plaintiffs' counsel seeks the first option, which would result in a fee of $75,023.45.

It would be easy enough to simply take 40% of the amount of the total judgment and add it as attorneys' fees, as requested. The case is obviously high risk as defendants defaulted and there is no indication that they can or will pay anything. Indeed, in submitting their initial motion, plaintiffs' attorneys, although advising me of the hourly rate customarily charged by each of the four professionals who worked on this case, did not tell me the total hours worked by

each attorney or provide any time records, so that there was no way I could grant the motion on any basis but the 40% contingent fee. However, the cases are clear that the reasonableness of a contingent fee needs to be checked against the "lodestar" rate, and so I denied the motion with leave to renew with appropriate documentation. See Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000) (explaining that the lodestar method is a useful "baseline even if the percentage method is eventually chosen" and encouraging "the practice of requiring documentation of hours as a 'cross check' on the reasonableness of the requested percentage"). Even then, although plaintiffs' attorneys supplied time slips, they expected me to add them up for each attorney to ascertain the total per attorney charges. I declined to do the attorneys' work for them and finally, they submitted totals which reflect the work and charges of each attorney.

In the default judgment context, I generally give the plaintiffs and their attorneys the benefit of the doubt since the defendants have made the deliberate decision to default and it would give them an unfair advantage for the Court to act as their lawyer. Nevertheless, the rates requested here are problematic. The senior partner, who only put in 2.38 hours, wants $450 per hour. The junior partner, who put in 6.1 hours, wants $425 per hour. The senior associate, who only put in .8 hours, wants $375 per hour. And the junior associate (a 2011 law school graduate), who did almost all the work at 110.90 hours, wants $300 per hour.

These rates are all higher than typically permitted in this district for FLSA cases. For the reasons I set forth in Fawzy v. Gendy, No. 12 Civ. 5580, 2013 WL 5537128 (E.D.N.Y. Oct. 6, 2013), and as has been recognized in subsequent cases, see e.g., Lema v. Mugs Ale House Bar, No. 12 Civ. 2182, 2014 WL 1230010 (E.D.N.Y. March 21, 2014), it is difficult to justify a rate that exceeds $350 per hour for a senior, experienced partner for an FLSA case in this district. I will allow $400 for the senior partner in this case since he billed little time; $375 per hour for the

junior partner for the same reason; $325 per hour for the senior associate (with over 12 years of litigation experience), and $225 for the junior associate (whose inexperience was shown by the necessity of my having to pull teeth and being asked to do the math to figure out the lodestar).

There is also a problem, however, with the number of hours charged.  I am not sure why there was a need for four attorneys on this straightforward case, but since the senior partner and senior associate put in next to no time, I will not scrutinize it.  That still leaves us with 111 hours for the junior associate and 6 hours for the junior partner.  That time is largely comprised of drafting the complaint, the default judgment motion, and the motion for attorneys' fees, with, of course, the related internal conferences, emails, and client communications attendant to those activities.  I cannot see it taking 111 hours for those activities in a simple case where there was no opposition.  Some of the billed time is attributable to inexperience, such as failing to seek an adjournment of the initial status conference based on defendants' non-appearance, and instead appearing at that conference, which of course could not go forward.  Similarly, time was spent preparing a "joint letter" for the initial status conference, as required by my individual practice rules, which letter could not be joint because there was only side in the case.  In all, I cannot see more than 75 hours for a straightforward FLSA case where defendants defaulted, and even that seems generous.

With the modified rates as set forth above, without reduction of anyone's time except the lowest charging attorney, multiplied by this amount of time, the result is a lodestar fee of about $18,000.  Of course, the lodestar does not end the inquiry.  This is obviously a high-risk case in terms of collection, since defendants did not even bother to appear.  Under these circumstances, a multiple of the lodestar is appropriate.  Multiples in this Circuit have gone as high as six or even higher, but the high end is generally reserved for litigated class actions. See e.g., Garcia v.

Pancho Villa's of Huntington Village, No. 09-cv-486, 2012 WL 5305694, at *8 (E.D.N.Y. Oct. 4, 2012); Sewell v. Bovis Lend Lease, Inc., No. 09 Civ. 6548, 2012 WL 1320124, at *13 (S.D.N.Y. Apr. 16, 2012). A reasonable multiple here is 2.5, which would result in a fee of $45,000. I think that is a perfectly reasonable fee for a case of this nature, and far more reasonable than the contingent sought by plaintiffs.

I therefore grant plaintiffs' motion for attorneys' fees to the extent of $45,000. The costs claimed in the amount of $1,331.52 are reasonable. The Clerk of Court is directed to enter an amended judgment adding these amounts to the prior judgment, jointly and severally against all defendants.

**SO ORDERED.**

                                                                               _____
                                                                                                       U.S.D.J.

Dated: Brooklyn, New York
       March 24, 2015