```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
                                                            :
GERMAIN CUTHBERT, on behalf of himself                      :
and all others similarly situated,                          :
                                                            :
                                         Plaintiff,         :      MEMORANDUM DECISION
                                                            :      AND ORDER
                 - against -                                :
                                                            :      14 Civ. 5466 (BMC)
                                                            :
NEW SOLDIER'S RESTAURANT INC.;                              :
WITCLIFFE WILLIAMS, an individual;                          :
CANDY WILLIAMS, an individual; and                          :
CRAIG WILLIAMS, an individual,                              :
                                                            :
                                         Defendants.        :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

This Fair Labor Standards Act case is before the Court on defendants' motion to vacate the default judgment previously entered against them.

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." The Second Circuit has held that three factors govern a district court's decision to set aside a default judgment under either Rule 55(c) or 60(b): "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993); see also State St. Bank and Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 166-67 (2d Cir. 2004) ("When a district court decides a motion to vacate a default judgment pursuant to the provisions of Rule 60(b), the courts determination must be guided by [the] three principal factors [mentioned above]."). "[B]ecause defaults are generally disfavored and are reserved for rare occasions,

when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Enron Oil Corp., 10 F.3d at 96.

Despite defendants' assertion to the contrary, it is clear that their default was willful. None of the defendants has submitted an affidavit explaining why they failed to answer, and defendants' attorney's affidavit states only that defendants failed to answer because they "thought that the claims were ridiculous." I have not been told what is "ridiculous" about the claims. Defendants' brief in support of their motion asserts that they thought the lawsuit would just "go away." I do not know why they thought this, considering that plaintiff's counsel sent two pre-suit letters warning of the need to settle or face a lawsuit. Moreover, defendants had already been sued in an FLSA action in this district involving other employees more than a year before this one (in a case which is still pending), so they should have known that when they get a demand letter, let alone two, there is no reason to believe the claim is going away. Every action defendants took, and, indeed, everything they have asserted on this motion, reflects a deliberate decision not to answer. The proof of willfulness is overwhelming.

As to prejudice, plaintiffs have asserted that defendants have failed to meet their burden of showing the absence of prejudice. It is true that defendants have offered no representations about preservation of records, co-employee testimony, or the existence of sufficient assets to satisfy a judgment in the future. Plaintiffs point out that a delayed judgment may be harder to collect than the existing judgment, on which execution, they state, has already begun. That may be true, but it is true in many, if not most, default judgment scenarios. However, here, it has additional importance since defendants are already involved in what appears to be a hotly litigated FLSA action. On balance, given the meagerness of defendants' showing, I conclude

that plaintiff is correct that defendants have failed to meet their burden to show the absence of prejudice.

Defendants' effort to show a "meritorious" defense is marginal at best. First, defendant Candy Williams submitted an affidavit by which she says, "I maintain a spiral notebook in which I keep record of the number of days each employee works." Yet she has only annexed pages reflecting five workweeks, most of which are at the end of 2013 and beginning of 2014. Considering that at least one of the plaintiffs claims to have worked for defendants for five years, starting in 2009, this is an inadequate showing. Since, if I were to vacate the judgment, defendants would have to produce all of their records for the period of plaintiffs' employment, there is no reason why they could not have been annexed to the motion. These records are of course wholly within defendants' control. At the very least, in reply to plaintiffs having pointing out the incompleteness of these records when plaintiffs opposed the motion, defendants could have submitted the rest. But they chose not to reply at all.

Thus, all of the recognized factors point in favor of denying the motion, two of them overwhelmingly. Defendants have pointed to no other factors that warrant vacating the judgment. Their motion [34] is therefore denied.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
September 26, 2015

3